Tammy Hussin, Esq. (Bar No. 155290)
6404 Merlin Drive
Carlsbad, CA 92011
Telephone (855) 301-2100 ext. 5514
thussin@lemberglaw.com

*of counsel to:*
Lemberg & Associates, LLC
1100 Summer Street
Stamford, CT  06905
Telephone:  (203) 653-2250
Facsimile:  (203) 653-3424

Attorneys for Plaintiff,
Bedard Controls, Inc.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Bedard Controls, Inc., *on behalf of itself and all others similarly situated*,<br><br>Plaintiff,<br><br>vs.<br><br>Liberty Capital Group, Inc.,<br><br>Defendant. | Case No.: **'13CV1595 L     BGS**<br><br>**CLASS ACTION COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF FOR VIOLATION OF THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227,** *ET SEQ.*<br><br>**JURY TRIAL DEMANDED** |

# INTRODUCTION

1. Plaintiff brings this class action for damages, injunctive relief, and any other available legal or equitable remedies based on the illegal actions of Liberty Capital Group, Inc.("Liberty" or "Defendant"), in negligently, knowingly, and/or willfully sending unsolicited advertisements via facsimile to Plaintiff in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* (the "TCPA").

# JURISDICTION AND VENUE

2. Jurisdiction in this District is proper pursuant to 28 U.S.C. § 1331 and 47 U.S.C. § 227, as Plaintiff seeks up to $1,500.00 in damages for each facsimile sent by Defendant in violation of the TCPA, which when aggregated among a proposed class numbering in tens of thousands of members, exceeds the $5,000,000.00 threshold for federal court jurisdiction. Plaintiff further alleges a national class, which will result in at least one class member residing in a different state from Defendant, which results in jurisdiction under 28 U.S.C. § 1332(d)(2)(A). As such, pursuant to the Class Action Fairness Act of 2005, both elements of diversity are present and this Court has jurisdiction.

3. Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b) & (c) and 1441(a), because Plaintiff's principal place of business is within the state of California, and Defendant regularly conducts business in this District and in the state of California.

## PARTIES

4. Plaintiff is, and at all times mentioned herein was, a business organized under the laws of California with a principal place of business in California. Plaintiff is a "person" as defined by 47 U.S.C. § 153(10).

5. Liberty is, and at all times mentioned herein was, a California business entity with its principal place of business in San Diego, California. Defendant is, and at all times herein mentioned was, a corporation and a "person" as defined by 47 U.S.C. § 153(10), and regularly conducts business within this judicial district and throughout the nation.

## ALLEGATIONS APPLICABLE TO ALL COUNTS

6. The TCPA was enacted by Congress to address problems of abusive telemarketing, including preventing the transmission of junk faxes. As Congress recognized unsolicited faxes often impose unwanted burdens on the called party including costs of paper and ink and making fax machines unavailable for legitimate business messages. To help ease these intrusions, Congress made it unlawful to use any telephone facsimile machine computer or other device to send to a telephone facsimile machine an unsolicited advertisement except in certain limited situations.

7. Specifically, 47 U.S.C. § 227(b)(1)(C) prohibits the use of any telephone facsimile machine, computer or other device to send an unsolicited advertisement to a telephone facsimile machine, unless there is an established business relationship. An unsolicited advertisement is defined by 47 U.S.C. § 227(a)(5), "any material

3

advertising the commercial availability or quality of any property, goods, or services which is transmitted to any person without that person's prior express invitation or permission, in writing or otherwise."

8. On or about February 7, 2012, Defendant sent an unsolicited advertisement to Plaintiff's telephone facsimile machine. A copy of the advertisement is attached hereto as Exhibit A.

9. Plaintiff never provided prior express permission to send advertisements to Plaintiff's telephone facsimile machine.

10. Plaintiff had no established business relationship with Defendant at the time the unsolicited advertisement was sent.

## CLASS ACTION ALLEGATIONS

11. Like Plaintiff, it is alleged that Defendant engaged in an organized program of routinely sending unsolicited facsimile transmissions to tens of thousand of persons and entities throughout the nation with whom Defendant had no established business relationship.

12. Plaintiff brings this case as a class action pursuant to Fed. R. Civ. P. 23 on behalf of itself and all others similarly situated (the "Class"), who were equally harmed by the aforementioned acts of Defendant within the last four years.

13. Plaintiff represents and is a member of the Class, whose members are defined as:

4

**All persons or entities in the United States having who received an unsolicited advertisement that was sent by or on behalf of Defendant in which Defendant's goods or services were promoted, and who had no established business relationship with Defendant at the time, within the four years prior to the filing of this Complaint.**

14. Excluded from the Class are all officers, directors, and employees of Defendant, together with those individuals' immediate family members, and their respective legal representatives, heirs, successors and assigns, the officers, directors and employees of any parent, subsidiary or affiliate of Defendant, together with those individuals' immediate family members, Counsel for Defendant and Class Counsel and their immediate family members, in addition to those whose claims are barred by the statute of limitations.

15. On behalf of the Class, Plaintiff expressly excludes damages for recovery based on personal injury and any claim related thereto, and seeks damages and injunctive relief only for economic injury.

16. Defendant harmed Plaintiff and the members of the Class by illegally sending unsolicited advertisements via facsimile to Plaintiff and the Class members. Plaintiff and the Class members were damaged thereby.

17. Upon information and belief, Defendant engaged in an organized program of routinely sending unsolicited advertisements to telephone facsimile numbers belonging to tens of thousands of entities and consumers throughout the United States. The members of the Class, therefore, are believed to be so numerous that joinder of all members is impracticable, and the disposition of their claims in this class action will

5

provide substantial benefits to all parties and the Court.

18. The exact number and identities of the Class members are unknown at this time and can only be ascertained through discovery. Identification of the Class members can be had from Defendant's or its agents' records.

19. There are common questions of law and fact raised in this Complaint which predominate over any questions affecting only individual Class members.

20. The following questions of law and fact predominate over questions that might affect individual Class members and are ripe for determination:

   a. Whether Defendant sent unsolicited advertisements via facsimile to Plaintiff and the Class members without prior express permission;

   b. Whether Defendant engages in an organized program of routinely sending unsolicited facsimiles to persons and entities with whom it has no established business relationship;

   c. Whether Defendant's conduct was knowing willful, and/or negligent;

   d. Whether Defendant is liable for damages, and the amount of such damages; and

   e. Whether Defendant should be enjoined from such conduct in the future.

21. Plaintiff's claims are typical of the claims of the Class since each of the claims arises from the same or a substantially similar unsolicited advertisement sent via telephone facsimile.

6

22. The common questions in this case are capable of having common answers. If Plaintiff's claim that Defendant engages in an organized program of routinely sending unsolicited advertisements to telephone facsimile machines to persons and companies with whom it had no established business relationship is accurate, then Plaintiff and the Class members will have identical claims capable of being efficiently adjudicated and administered in this case.

23. Plaintiff will fairly and adequately represent and protect class interests, and has no antagonistic interests regarding any Class members.

24. All Class claims arise from the very course of conduct and specific activities complained of herein and require application of the same legal principles.

25. Plaintiff and the Class members have suffered irreparable harm as a result of Defendant's wrongful and illegal conduct. The Class will continue to face potential harm absent a class action.

26. Without this class action, Defendant will likely proceed without penalty and will continue its unlawful conduct. Defendant cannot otherwise be induced to comply with the TCPA in the absence of class-wide damages. The class action, therefore, is a superior vehicle for the fair and efficient adjudication of this controversy.

27. Most members of the Class would find the cost of litigating their claims prohibitive in the absence of a class action, and therefore few Class members could seek individual legal redress for the wrongs perpetrated by Defendant.

28. Plaintiff has retained counsel experienced in litigating class actions and consumer claims and who stands ready, willing, and able to represent the Class.

29. The members of the Class are generally unsophisticated individuals whose rights will not be vindicated absent a class action. The interest of the Class members in prosecuting individual claims against Defendant is small because the statutory damages in an individual claim for violation of privacy is minimal. Additionally, management of these claims as a class is superior to multiple individual actions or piecemeal litigation in that it conserves the resources of both the Court and the litigants, and promotes consistency and efficiency of adjudication.

30. Prosecution of separate actions could result in inconsistent or varying adjudications with respect to individual Class members that would establish incompatible standards of conduct for Defendant. Conversely, adjudications with respect to individual Class members would be dispositive of the interests of all other Class members.

31. Management of this class action is unlikely to present any difficulties. California courts have certified classes in TCPA actions.

**COUNT I**
**Negligent Violations of the Telephone Consumer Protection Act,**
**47 U.S.C. § 227,** *et seq.*

32. Plaintiff repeats and realleges all of the above paragraphs of this Complaint as though fully stated herein.

33. Defendant negligently sent unsolicited advertisements to telephone

8

facsimile numbers belonging to Plaintiff and the other members of the Class without their prior express consent.

34. Each of the aforementioned facsimile transmissions by Defendant constitutes a negligent violation of the TCPA.

35. As a result of Defendant's negligent violations of the TCPA, Plaintiff and the Class are entitled to an award of $500.00 in statutory damages for each facsimile transmission in violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B).

36. Additionally, Plaintiff and the Class are entitled to and seek injunctive relief prohibiting such conduct by Defendant in the future.

## COUNT II
## Knowing and/or Willful Violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.*

37. Plaintiff repeats and realleges all of the above paragraphs of this Complaint as though fully stated herein.

38. Defendant knowingly and/or willfully sent unsolicited advertisements to facsimile numbers belonging to Plaintiff and the other members of the Class without their prior express consent.

39. Each of the aforementioned facsimile transmissions by Defendant constitutes a knowing and/or willful violation of the TCPA.

40. As a result of Defendant's knowing and/or willful violations of the TCPA, Plaintiff and the Class are entitled to an award of treble damages up to $1,500.00 for each facsimile transmission in violation of the TCPA pursuant to 47 U.S.C. §

9

227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

41.     Additionally, Plaintiff and the Class are entitled to and seek injunctive relief prohibiting such conduct by Defendant in the future.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays that the Court grant Plaintiff and the Class the following relief against Defendant:

1. Injunctive relief prohibiting such violations of the TCPA by Defendant in the future;

2. Statutory damages of $500.00 for each and every facsimile transmission in violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B);

3. Statutory damages of $1,500.00 for each and every facsimile transmission in violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(C);

4. An award of attorneys' fees and costs to counsel for Plaintiff and the Class; and

5. Such other relief as the Court deems just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

DATED: July 10, 2013                         TAMMY HUSSIN

By:   */s/   Tammy Hussin*
Tammy Hussin, Esq.
Lemberg & Associates
Attorney for Plaintiff, Bedard Controls, Inc.

10

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Bedard Controls, Inc.

## DEFENDANTS
Liberty Capital Group, Inc.

**(b)** County of Residence of First Listed Plaintiff: County of Fresno
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: County of San Diego
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Tammy Hussin, Esq. 6404 Merlin Drive, Carlsbad, CA 92011
855-301-2300 ext. 5514; Lemberg & Associates, 1100 Summer Street, 3rd Floor, Stamford, CT 06905 (203) 653-2250

Attorneys *(If Known)*
'13CV1595 L    BGS

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question *(U.S. Government Not a Party)*
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff) (For Diversity Cases Only) and One Box for Defendant)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 400 State Reapportionment |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 410 Antitrust |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | | ☐ 820 Copyrights | ☐ 450 Commerce |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | | | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | **PERSONAL PROPERTY** | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 370 Other Fraud | ☐ 720 Labor/Mgmt. Relations | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 371 Truth in Lending | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Med. Malpractice | ☐ 380 Other Personal Property Damage | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☒ 890 Other Statutory Actions |
| ☐ 196 Franchise | | ☐ 385 Property Damage Product Liability | ☐ 790 Other Labor Litigation | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| | | | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | ☐ 510 Motions to Vacate Sentence | | **FEDERAL TAX SUITS** | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting | **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 530 General | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 950 Constitutionality of State Statutes |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - Alien Detainee (Prisoner Petition) | | |
| | ☐ 448 Education | ☐ 555 Prison Condition | ☐ 465 Other Immigration Actions | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district *(specify)*
- ☐ 6 Multidistrict Litigation

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
47 U.S.C. 227;  5 : 552

Brief description of cause:
Violations of the Telephone Consumer Protection Act

## VII. REQUESTED IN COMPLAINT:
☒ CHECK IF THIS IS A **CLASS ACTION** UNDER F.R.C.P. 23

**DEMAND $** 500,000.00

CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☒ Yes  ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE
DOCKET NUMBER

DATE: 07/10/2013
SIGNATURE OF ATTORNEY OF RECORD: /s/ Tammy Hussin

**FOR OFFICE USE ONLY**

RECEIPT #         AMOUNT         APPLYING IFP         JUDGE         MAG. JUDGE